IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

**BRENDA M. DIEDRICH,**

    Plaintiff,

v.

**COMMISSIONER OF SOCIAL SECURITY,**

    Defendant.

Civ. No. 3:19-cv-00008-CL

**OPINION AND ORDER**

MARK D. CLARKE, Magistrate Judge.

Plaintiff Brenda M. Diedrich ("Plaintiff") seeks judicial review of the final decision of the Commissioner of the Social Security Administration denying her claim for Social Security Disability Benefits under Title II of the Social Security Act. The parties agree that this case should be remanded, but disagree on the terms of the remand. For the reasons provided below, the Commissioner's Motion for Remand (#24) is GRANTED[1] and the case is remanded for further administrative proceedings.

---

[1] The parties have consented to Magistrate Judge jurisdiction over this action pursuant to 28 U.S.C. § 636(c)(1).

# BACKGROUND

Plaintiff was born in 1960 and has a high school education. Tr. 45-46. Plaintiff has a long history of drug abuse and trauma. Beginning in 2002, soon after getting divorced, Plaintiff was arrested several times and jailed twice for charges including theft, ID theft forgery, and possession of methamphetamine. Tr. 472. While in jail, she was diagnosed with bipolar disorder and ADHD. Tr. 471.

Plaintiff alleges that she has been disabled since October 1, 2002, because of attention deficit disorder, bipolar, depression, panic, anxiety, agoraphobia, arthritis, migraine, asthma, emphysema, and chronic obstructive pulmonary disease. Tr. 104, 106, 3064. She protectively applied for both Social Security Disability ("SSD") and Supplemental Security Income ("SSI") benefits on August 26, 2009. Tr. 304, 338. She was awarded SSI, but not SSD. Tr. 114, 110. Plaintiff appealed the SSD determination and two hearings were held on December 14, 2011, Tr. 88-102, and March 8, 2012, Tr. 39-87. An ALJ determined that Plaintiff was not disabled in a written decision dated March 30, 2012. Tr. 16-31. Plaintiff appealed the ALJ's decision.

On October 26, 2017, the Ninth Circuit affirmed in part and reserved in part, holding that the ALJ erred by (1) not calling a medical expert to help determine Plaintiff's onset date, (2) giving little weight to lay witness testimony, and (3) by finding that Plaintiff was a "partially credible witness" based on the fact that she did not exhibit symptoms of mental illness during her appointment with her therapist. Tr. 1344-72; *Diedrich v. Berryhill*, 874 F.3d 634 (9th Cir. 2017). The ALJ's March 30, 2012 decision was vacated and the matter was remanded. Tr. 1342.

Supplemental hearings before an ALJ were held on September 5, 2018, Tr. 1126-37, and September 18, 2018, Tr. 3091-3139. Additional written medical evidence was received, and a medical expert testified at the September 18 hearing. Tr. 1231-33, 3097, 3097-3117. The ALJ

adjudicated the period from October 1, 2002, the alleged onset date, through June 30, 2008, the date last insured for SSD benefits. Tr. 3066, 3081. On January 8, 2019, the ALJ issued an amended decision finding Plaintiff not disabled during the relevant time period within the meaning of the Social Security Act because Plaintiff's substance use disorder was a contributing factor material to the determination of disability. Tr. 3081.

The ALJ also issued a separate decision on September 28, 2018, reinstating Plaintiff's SSI benefits as of her March 2015 protective filing. Tr. 3082-90. Plaintiff had been paid SSI benefits from October 2009 through May 2014, but those benefits were ended because of incarceration. Tr. 3086. The SSI decision is not before the Court.

The ALJ's January 8, 2019 decision denying SSD benefits became the final decision of the Commissioner that is now under review.

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if it is based on the proper legal standards and the legal findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "'Substantial evidence' means 'more than a mere scintilla but less than a preponderance,' or more clearly stated, 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). In reviewing the Commissioner's alleged errors, this Court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). Variable interpretations

of the evidence are insignificant if the Commissioner's interpretation is rational. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

Where the evidence before the ALJ is subject to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Batson*, 359 F.3d at 1198 (citing *Andrews*, 53 F.3d at 1041). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quoting *Hammock*, 879 F.2d at 501). Additionally, a reviewing court "cannot affirm the [Commissioner's] decision on a ground that the [Administration] did not invoke in making its decision." *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006) (citations omitted). Finally, a court may not reverse an ALJ's decision on account of an error that is harmless. *Id.* at 1055-56. "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

Even where findings are supported by substantial evidence, "the decision should be set aside if the proper legal standards were not applied in weighing the evidence and making the decision." *Flake v. Gardner*, 399 F.2d 532, 540 (9th Cir. 1968). Under sentence four of 42 U.S.C. § 405(g), the reviewing court has the power to enter, upon the pleadings and transcript record, a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the case for a rehearing.

## DISCUSSION

The only issue for review is whether this case should be remanded for further administrative proceedings or for an immediate calculation and award of benefits. This Court has the discretion to reverse the Commissioner's final decision with or without a remand for

further administrative proceedings. *See* 42 U.S.C. § 405(g); *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989). In *Smolen v. Chater*, the court provided guidance as to how the reviewing court should exercise its discretion. It set forth a test for determining when to remand for an immediate finding of disability and award of benefits. *See Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). According to this test, a reviewing court should remand for a finding of disability and award of benefits if:

> 1) The ALJ has failed to provide legally sufficient reasons for rejecting [medical opinions or a claimant's testimony];
> 2) There are no outstanding issues to be resolved before a determination of disability can be made; and
> 3) It is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*See id.* at 1292.

In general, the decision whether to remand a case for further proceedings turns on the likely utility of such proceedings. The Supreme Court has held that appellate courts are not to act as fact finders or invade the administrative processes Congress creates. *INS v. Orlando Ventura*, 537 U.S. 12, 16 (2002) (quoting *SEC v. Chenery Corp.*, 318 U.S. 80, 88 (1943)). The Ninth Circuit has made clear that "'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014) (quoting *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985)). The Court should remand for further proceedings unless "the record as a whole is free from conflicts, ambiguities, or gaps," "all factual issues have been resolved," and "the claimant's entitlement to benefits is clear under the applicable legal rules." *Treichler, supra.* at 1103-04. The Court may not simply credit the claimant's evidence upon finding error and remand for payment of benefits, because doing so would permit recovery "even if the objective medical evidence in the record indicated that the claimant was not disabled." *Id*. at 1105-06.

In this case, the ALJ found Plaintiff not disabled within the meaning of the Social Security Act because Plaintiff's substance use disorder was a contributing factor material to the determination of disability. Tr. 3081. Specifically, the ALJ found that if Plaintiff had stopped substance use during the relevant period, she would not have met listings 12.04 (depressive, bipolar and related disorders) or 12.06 (anxiety and obsessive-compulsive disorders). Tr. 3074. Under the Social Security Act, if drug or alcohol abuse is determined to be a contributing factor material to a plaintiff's disability, then plaintiff would not be entitled to an award of disability benefits. 42 U.S.C. § 423(d)(2)(C).

Plaintiff argues that the ALJ's finding was in error, that the facts are settled, and if her statements regarding the severity of her symptoms are credited as true, there is no basis for serious doubt that Plaintiff was disabled by her mental impairments and not by drug or alcohol use. Plf.'s Br. at 32 (#19). Plaintiff argues that the statements from lay witness, Mr. Niebaum, should also be credited as true. Plaintiff asks that the Commissioner be ordered to find her disabled since October 1, 2002, the alleged onset date, and directed to pay SSD benefits under the August 2009 application.

The Court determines that further fact finding is required in this case and declines to credit Plaintiff's and Mr. Neibaum's statements as true. The Social Security Act requires the Commissioner to credit subjective statements regarding severity of symptoms to the extent that they can reasonably be accepted as consistent with the medical and other evidence in the record. 20 C.F.R. § 404.1529(c)(4). The Court is unable to determine whether the ALJ reasonably evaluated these subjective statements as consistent or inconsistent with the medical evidence in the record because the record is incomplete and the medical expert's testimony regarding the medical evidence is incomplete. Moreover, regarding Mr. Niebaum's lay witness statement, the

ALJ's error was not that he gave insufficient reasons for discounting Mr. Niebaum's statement. Instead, the ALJ failed to mention Mr. Niebaum's 2015 statement and gave no reason for not taking the statement into account. Therefore, meaningful review of the ALJ's evaluation of Mr. Neibaum's 2015 statement is impossible. On remand, Plaintiff's and Mr. Niebaum's statements must be evaluated and the Commissioner must determine whether these statements can reasonably be accepted as consistent with the medical evidence.

The ALJ gave great weight to medical expert Dr. Strahl's testimony in determining the extent of Plaintiff's mental limitations. However, Dr. Strahl appears to have overlooked a large portion of medical records. In Defendant's Motion for Remand, the Commissioner states that it is "unclear whether Dr. Strahl had access to all the medical records." Mtn. for Remand at 2-3 (#24). The Court's role is not to evaluate and weigh medical evidence. The case must be remanded for proper consideration of the evidence in the context of the entirety of the record. Additionally, the ALJ discussed several exhibits from Plaintiff's subsequent claim on which disability was granted, but did not include them in the exhibit list. The Commissioner's later finding of disability for SSI benefits was based on physical impairments, not mental impairments. For those exhibits to be used in determining Plaintiff's eligibility for SSD benefits based on mental impairments, they must be included in the record. On remand, the Commissioner or the Appeals Council must consider whether to issue a decision ordering payment of benefits in light of all the medical evidence or determine whether new testimony from a medical expert is necessary to properly evaluate the entirety of the medical evidence.

**ORDER**

Based on the foregoing, and pursuant to sentence four of 42 U.S.C. § 405(g), the Motion for Remand (#24) is GRANTED. The decision of the Commissioner is REVERSED and the case is REMANDED for further proceedings.

Upon remand, the Commissioner is ordered to consider whether to issue a decision ordering payment of SSD benefits in light of the evidence, or to order further proceedings. If the Commissioner determines that further proceedings are needed to conduct proper fact finding, then the Commissioner is ordered to instruct an ALJ to reconsider the entirety of the medical evidence, prepare a comprehensive exhibit list, and indicate which exhibits were considered in the evaluation and creation of a new administrative decision. If an ALJ determines that new testimony from a medical expert is needed, the Commissioner is further ordered to instruct the ALJ to ensure that the medical expert has considered all of the medical evidence before providing an opinion. Finally, the Commissioner is ordered to instruct the ALJ to reconsider Plaintiff's symptom testimony and the 2015 lay witness statement from Mr. Niebaum, and determine whether these subjective statements are reasonably consistent with the medical and other evidence in the record.

IT IS SO ORDERED.

DATED this 9th day of April, 2020.

/s/ Mark Clarke
MARK D. CLARKE
United States Magistrate Judge